UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                             :

UNITED STATES OF AMERICA

                             :        SECOND CONSENT

         - v. -              PRELIMINARY ORDER OF

                             :        FORFEITURE AS TO

CARL BEZICK,                 SPECIFIC PROPERTY

                             :

          Defendant.            26 Cr. 0007 (NSR)

                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about January 9, 2026, CARL BEZICK (the "Defendant"), was charged in a two-count Information, 26 Cr. 0007 (NSR) (the "Information"), with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One); and conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846 (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count One of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count One of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Two of the Information and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count Two of the Information, including but not limited to

a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, on or about January 9, 2026, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853, a sum of money equal to $2,008,118 in United States currency, representing property involved in the offense charged in Count One of the Information and/or proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, on or about January 9, 2026, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment ("Preliminary Order of Forfeiture") imposing a forfeiture money judgment in the amount of $2,008,118 in United States currency (the "Money Judgment") (D.E. 58);

WHEREAS, since the entry of the Preliminary Order of Forfeiture, the Government has identified the following as property involved in the offense charged in Count One of the Information and/or proceeds traceable to the commission of the offense charged in Count Two of the Information:

   a. $5,000 in United States currency seized by the Government on or about August 16, 2024, from a Post Office in Cherry Hill, New Jersey, from a Priority Mail Express Flat Rate Envelope with Parcel Number 9470 1362 0624 8698 8971 68, which was being shipped by USPS priority mail from Orlando, Florida to Cherry Hill, New Jersey;

(the "Specific Property");

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property as property involved in the offense charged in Count One of the Information and/or proceeds traceable to the commission of the offense charged in Count Two of the Information; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Benjamin Levander, of counsel, and the Defendant and his counsel, S. Philip Steinberg, Esq., that:

1.      As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Second Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant CARL BEZICK, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Second Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.      The Court shall retain jurisdiction to enforce this Second Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

10.     The signature page of this Second Consent Preliminary Order of Forfeiture

as to Specific Property may be executed in one or more counterparts, each of which will be deemed

an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By: _____          6/17/2026
         Benjamin Levander                DATE
         Assistant United States Attorney
         26 Federal Plaza, 38th Floor
         New York, NY 10278
         212-637-2571


CARL BEZICK

By: _____          _____
         Carl Bezick                      DATE


By: _____          _____
         S. Philip Steinberg, Esq.        DATE
         Attorney for Defendant
         Schatz, Steinberg & Klayman
         Two Penn Center
         1500 JFK Boulevard, Suite 1300
         Philadelphia, PA 19102

SO ORDERED:


_____               _____
HONORABLE NELSON STEPHEN ROMAN            DATE
UNITED STATES DISTRICT JUDGE